Tionna Dolin (SBN 299010)
Email: tdolin@slpattorney.com
Daniel Law (SBN 308855)
Email: dlaw@slpattorney.com
**Strategic Legal Practices, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4933
Facsimile: (310) 943-3838

Attorneys for Plaintiffs RICHARD FLIER and PATRICIA FLIER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FLIER and PATRICIA FLIER<br><br>Plaintiffs,<br><br>vs.<br><br>FCA US LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-02553-CRB<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br><br>Date: August 27, 2021<br>Time: 10:00 AM<br>Place: Courtroom 6<br><br>Demand for Jury Trial |

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................... 1

II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................. 1

    A.  The Nature of Plaintiffs' Claims ................................................................... 1

    B.  Defendant's Unsuccessful Attempt at to Compel Arbitration, and Defendant's Subsequent Removal ......................................................................................... 2

III. DEFENDANT HAS FAILED TO CARRY ITS HEAVY BURDEN OF SHOWING THAT REMOVAL WAS PROPER ................................................... 3

    A.  Defendant Did Not Carry its Heavy Burden of Showing the Amount in Controversy Exceeds $75,000 ...................................................................... 4

        1.  The Relevant Legal Standard – Preponderance of Evidence ................... 4

        2.  Defendant Has Failed to Offer Any Evidence of Actual Damages .......... 5

        3.  Defendant Has Failed to Present Any Evidence of Civil Penalties ...... 9

        4.  Defendant Has Proffered No Evidence of Punitive Damages…………12

        5.  Defendant Has Proffered No Evidence of Attorneys' Fees ................. 13

IV.  CONCLUSION……………………………………………………………………15

# TABLE OF AUTHORITIES

**CASES**

*Barrett v. FCA US LLC*, Case No. SA CV 21-00243-DOC-DFMx, 2021 WL 1263838, at *3 (C.D. Cal. Apr. 5, 2021) ................................................................................................. 10, 14

*Castillo v. FCA USA, LLC*, Case No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) ............................................................................................................. 15

*Chavez v. FCA UC, LLC,* No. 2:19-cv-06003-ODW-GJSX, 2020 WL 468909, at *2 (C.D. Cal. Jan 27, 2020) ................................................................................................................. 11, 12

*City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ................................................ 3

*Cox v. Kia Motors America, Inc.*, 2020 WL 5814518, at *5 (N.D. Cal. Sept. 20, 2020) ............ 10

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006) ......... 3

*Echemendia v. Subaru of Am., Inc.*, Case No. 2:20-cv-09243-MCS-JEM, 2020 WL 7311348, at *2 (C.D. Cal. Dec. 11, 2020) .......................................................................................... 8, 11, 12

*Edwards v. Ford Motor Company*, No. CV 16-05852 BRO (PLAX), 2016 WL 6583585 at *4 (C.D. Cal., Nov. 4, 2016) ................................................................................................. 6, 11, 13

*Esparza v. FCA US LLC*, Case No. 2:21 cv-01856-RGK-MRW, 2021 WL 949600, at *1 (C.D. Cal. Mar. 12, 2021) ........................................................................................................... 10, 14

*Estrada v. FC US LLC*, Case No. CV 20-10453 PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) ..................................................................................................................... 11, 15

*Feichtmann v. FCA US LLC*, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020) ......................................................................................................................... 6, 7

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ................................................. 3, 4, 5, 15

*Guglielmino*, 506 F.3d at 701 ................................................................................................. 4, 5

*Gunn v. Minton*, 568 U.S. 251, 256 (2013) ................................................................................ 3

*Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434, 131 S. Ct. 1197, 1202 (2011) ... 3, 4

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694 at 702, 102 S. Ct. 2099 at 2104 (1982) ...................................................................................................... 4

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ................. 3

*Jackson v. Mercedes-Benz USA, LLC*, Case No. 5:20-CV-01681-DOC-KK, 2020 WL 7090839, at *2 (C.D. Cal. Dec. 2, 2020) .................................................................................................. 8, 12

*Kaplan v. Central Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018) ..... 3

*Khachatryan v. BMW of North America, LLC*, 2021 WL 927266, at *2 ............................. 11, 15

*Limon-Gonzalez*, No. 2:20-CV-04381-PA-JPR, 2020 WL 3790838, at *2 (C.D. Cal. July 7, 2020) ................................................................................................................................. 6, 10

*Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ........... 3

*Maciel v. BMW of North America, LLC*, 2017 WL 8185859, at *2 (C.D. Cal., Aug. 7, 2017) ...... 8

*Mahlmeister v. FCA US LLC*, No. CV2100564ABAFMX, 2021 WL 1662578, at *2 (C.D. Cal. Apr. 28, 2021) ..................................................................................................................... 6, 14

*Makol v. Jaguar Land Rover North America, LLC*, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018) ........................................................................................................................................ 9

*Millan v. FCA US LLC*, Case No.: 20cv328 JM (MDD), 2020 WL 3604132, at *1 (S.D. Cal. July 2, 2020) ................................................................................................................................... 11

*Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ............................ 3

*MTB Enterprises, Inc. v. ADC Venture 2011-2, LLC* 780 F3d 1256, 1258 (9th Cir. 2015) .......... 4

*Mullin v. FCA US, LLC,* 2020 WL 2509081, at *3 (C.D. cal. May 14, 2020) ............................. 9

*Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ............................... 3

*Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009)......3
*Quinones v. FCA US LLC,* No. 2:20-CV-06144-RGK-JPR, 2020 WL 4437482, at *1 (C.D. Cl. July 31, 2020) ................................................................................................................................9, 10
*Ronquillo v. BMW of N. Am., LLC*, Case No.: 3:20-cv-1413-W-WVG, 2020 WL 6741317, at *3 (S.D. Cal. Nov. 17, 2020)......................................................................................................11
*Sami Sargani Nejad v. FCA US, LLC, et al.,* No. 2:20-cv-02252-RGK (AGRx), 20 WL 2079983, at *1 (C.D. Cal. April 29, 2020)..........................................................................................10
*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ...............................4, 5
*Savall v. FCA US LLC*, No. 21CV195 JM (KSC), 2021 WL 1661051, at *2 (S.D. Cal. Apr. 28, 2021)..............................................................................................................................7, 10, 13
*Schneider v. Ford Motor Co.,* 2020 WL 991531, at *3 (N.D. Cal. Mar. 2, 2020)...........5, 6, 8, 14
*Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ..................................................................3
*Serran v. Pac. Coast Feather Cushion Co.*, 2017 WL 3720630, at *3 (C.D. Cal. Aug. 28, 2017) ...............................................................................................................................................14
*Shelton v. Ford Motor Company*, 2019 WL 126851, at *2 (C.D. Cal. Jan. 7, 2019).................13
*Steeg v. Ford Motor Co.,* No. 19-CV-05833-LHK, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020)..............................................................................................................................5, 6, 14
*Stelzer v. CarMax Auto Superstores California, LLC*, No. 13-CV-1788-LAB-JMA, 2013 WL 6795615, at *6 (S.D. Cal. Dec. 20, 2013) ................................................................................15
*Wastier v. Schwan's Consumer Brands*, No. 07CV1594, 2007 WL 4277552, at *3 (S.D. Cal. Dec. 5, 2007) ............................................................................................................................15

**STATUTES**

28 U.S.C. § 1332(a)(1) ...................................................................................................................4
28 U.S.C. §§ 1332, 1441, and 1446...............................................................................................2
Cal. Civ. Code § 1783.2(d) ............................................................................................................8
Cal. Civ. Code § 17949(c) .............................................................................................................9
Cal. Civ. Code §§ 1790 *et seq.* .....................................................................................................1
Civil Code section 1793.2(d) .........................................................................................................8
*See* 28 U.S.C. § 1447(c) ................................................................................................................3

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
iii

## I. INTRODUCTION

Plaintiffs RICHARD FLIER and PATRICIA FLIER ("Plaintiffs") allege that Defendant FCA US LLC ("FCA" or "Defendant") violated California's Lemon Law, the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*), the Consumer Legal Remedies Act, and committed fraud by, among other things, selling a defective vehicle to Plaintiffs, failing to repair the Subject Vehicle within a reasonable number of attempts, refusing to provide restitution even though FCA knew that the Vehicle was defective, and omitting known defects. (*See generally,* Dkt. No. 1, Ex. A [hereinafter, "Complaint" or "Comp."].)

Plaintiffs commenced this action on April 14, 2020, in the Superior Court of California, County of Los Angeles. (Dkt. No. 1, Notice of Removal, "NOR", ¶ 2.) After the case transferred venue to Contra Costa County Superior Court, Defendant FCA US LLC removed this matter to the Northern District on April 8, 2021, nearly a year after commencement of this action, and after its unsuccessful attempt to compel arbitration. (NOR, ¶ 4, 6; see also Dkt. No. 1, Stewart Dec., ¶ 43 – 49, Exhibits HH – NN.) As explained in greater detail below, Defendant's Notice of Removal fails to meet its heavy burden of establishing that the amount in controversy satisfies the federal jurisdictional threshold, and thus this Court has no jurisdiction over Plaintiffs' claims.[1] Therefore, Plaintiffs' Motion to Remand should be granted in its entirety, and this case remanded to the Superior Court of California, County of Contra Costa.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. The Nature of Plaintiffs' Claims

On or about October 1, 2016, Plaintiffs purchased a 2017 Chrysler Pacifica vehicle (the "Subject Vehicle" or "Vehicle"). (*See* Comp., ¶ 9.) Plaintiffs received

---

[1] Plaintiffs' Motion to Remand is based on Defendant's failure to meet its burden of proof for invoking this Court's jurisdiction. Plaintiffs, however, are not taking any position here on the total amount of damages recoverable in this case and do not waive any arguments concerning the total amount of damages.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
1

various warranties in which Defendant undertook to preserve or maintain the utility or performance of the Subject Vehicle or to provide compensation if there was a failure in utility or performance for a specified period of time. (*Id.*, ¶ 10.) The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Defendant's representative and the Subject Vehicle would be repaired. (*Id.*) During the warranty period, the Subject Vehicle contained or developed defects, which substantially impair the use, value, or safety of the vehicle. (*Id.*, ¶ 11.) Defendant and its representatives have been unable to service or repair the Vehicle to conform to the applicable express and implied warranties. (*See id.*, ¶ 28, 35, 43)

### B. Plaintiffs' State Court Complaint, Defendant's Transfer of Venue, Defendant's Unsuccessful Attempt to Compel Arbitration, and Defendant's Subsequent Removal

On April 14, 2020, Plaintiffs filed this action in Los Angeles County Superior Court, alleging causes of action against FCA for violations of the Song-Beverly Consumer Warranty Act ("SBA"), the Consumer Legal Remedies Act, one cause of action against FCA for fraud by omission, and one cause of action against former defendant, Walnut Creek Chrysler Jeep Dodge Ram ("Walnut Creek"), for breach of implied warranty. (*See generally*, Comp.)

On August 21, 2020, venue was transferred to Contra Costa County. (NOR, ¶ 4, 5.)

On February 3, 2021, Defendant filed a Motion to Compel Arbitration, which was subsequently denied on March 23, 2021. (Stewart Dec., ¶ 43, 49; Ex. HH, NN.)

On April 8, 2021, Defendant filed a notice of removal of this action under 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity jurisdiction. (*See generally,* NOR.) However, Defendant has not carried its burden of establishing that the amount in controversy satisfies the jurisdictional threshold, and thus this matter should be remanded.

### III. DEFENDANT HAS FAILED TO CARRY ITS HEAVY BURDEN OF SHOWING THAT REMOVAL WAS PROPER.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See, City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). *See also, Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Indeed, the courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See, DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).[2]

---

[2] Lack of subject matter jurisdiction is never waived and may be raised by either party or the court at any time—even for the first time on appeal. (*Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202 (2011); *Kaplan v. Central Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018) ("A defect of subject-matter jurisdiction is non-waivable").) In particular, a party does not waive defective subject matter jurisdiction by failing to raise the challenge early in the proceedings. *Insurance Corp. of Ireland, Ltd. v.*

Defendant has fallen far short of carrying its heavy burden of proof of showing that removal was proper because Defendant's Notice of Removal fails to establish the amount in controversy exceeds $75,000. (28 U.S.C. § 1332(a)(1).)

## A. Defendant Did Not Carry its Heavy Burden of Showing that the Amount in Controversy Exceeds $75,000.

### 1. The Relevant Legal Standard – Preponderance of Evidence

Civil cases not arising under federal law are removable to federal court only if each plaintiff's citizenship is different from each defendant's citizenship, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Where it is unclear or ambiguous from the face of the state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, ***by a preponderance of the evidence***, that the amount in controversy exceeds the jurisdictional amount. (*See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).)[3] In particular, where a complaint estimates damages in the body of complaint, but does not repeat it in the Prayer for Relief, the complaint does not allege a sufficiently specific total amount in controversy, and the preponderance of the evidence burden of proof therefore falls on the removing defendant. (*Guglielmino*, 506 F.3d at 701.)

Here, Plaintiffs allege in Paragraph 12 in the body of the Complaint that they "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." (Comp., ¶ 12.) This allegation, standing alone, does not satisfy the amount in controversy requirement. Moreover, the "Prayer" section of the complaint does not repeat the allegation of Paragraph 12. (In fact, the "Prayer" section does not include any

---

*Compagnie des Bauxites de Guinee,* 456 U.S. 694 at 702, 102 S. Ct. 2099 at 2104 (1982); *Henderson ex rel. Henderson v. Shinseki, supra*, 562 US at 434-435, 131 S. Ct. at 1202 (objections to subject matter jurisdiction may be raised even after party has lost at trial); *MTB Enterprises, Inc. v. ADC Venture 2011-2, LLC* 780 F.3d 1256, 1258 (9th Cir. 2015) (appellant permitted to challenge jurisdiction for first time on appeal).)

[3] The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. (*Gaus*, 980 F.2d at 566.)

1  estimate at all.) Accordingly, because it is unclear from the face of the Complaint that the
2  threshold is exceeded, Defendant must show by a preponderance of the evidence that the
3  amount in controversy exceeds $75,000. *Guglielmino*, 506 F.3d at 701. *See also, Steeg v.*
4  *Ford Motor Co.*, No. 19-CV-05833-LHK, 2020 WL 2121508, at *3 (N.D. Cal. May 5,
5  2020) (granting motion to remand by reasoning that "Plaintiffs specif[ied] a monetary
6  amount only once, when they allege[d] that 'Plaintiffs suffered damages . . . in an amount
7  not less than $25,000.01.'") (citation omitted) (emphasis added).

8        Under the preponderance of the evidence burden, the defendant must provide
9  ***evidence*** establishing that it is more likely than not that the amount in controversy exceeds
10 that amount. *Guglielmino*, 506 F.3d at 701. In the absence of record evidence on this point,
11 a defendant fails to satisfy its burden of proof. *Sanchez*, 102 F. 3d at 405 (defendant
12 provided the court "with absolutely no evidence" that would allow it to determine the
13 amount in controversy). *Gaus*, 980 F.2d at 567 ("Mobay simply alleges that 'the matter in
14 current controversy ... exceeds the sum of $50,000.' This allegation, although attempting
15 to recite some 'magical incantation,' neither overcomes the 'strong presumption' against
16 removal jurisdiction, nor satisfies Mobay's burden of setting forth, in the removal petition
17 itself, the underlying facts supporting its assertion that the amount in controversy exceeds
18 $50,000.") *see also, Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909 (N.D. Cal. Mar. 2,
19 2020); *Steeg*, *supra*, 2020 WL 2121508, at *3.

20            2.    <u>Defendant Has Failed to Offer Any Evidence of Actual</u>
21                <u>Damages</u>

22       Plaintiffs allege that they "suffered damages in a sum to be proven at trial in an
23 amount that is not less than $25,001.00." (Comp., ¶ 12.) To clarify, the word, "damages"
24 as used in Plaintiffs' Complaint references Plaintiffs' **total damages**, which include,
25 *inter alia*, (1) actual damages; (2) civil penalties; (3) attorney's fees; *and* (4) punitive
26 damages. In other words, Plaintiffs are not alleging that their actual damages are at
27 least $25,001.00, but that their **total damages** (including actual damages, civil
28 penalties, attorney's fees, punitive damages, etc.) are at least $25,001.00.

Numerous district courts in this Circuit have concluded that the language used in Plaintiffs' Complaint—*i.e.*, that Plaintiffs suffered "damages in a sum to be proven at trial in an amount that is not less than $25,001.00"—is insufficient to satisfy the amount in controversy requirement. *See, e.g., Mahlmeister v. FCA US LLC*, No. CV2100564ABAFMX, 2021 WL 1662578, at *2 (C.D. Cal. Apr. 28, 2021) (finding such allegations insufficient to show the amount in controversy had been satisfied, particularly given that there were other options by which defendant could have—but did not—satisfy its burden); *Schneider v. Ford Motor Co.,* 2020 WL 991531, at *3 (N.D. Cal. Mar. 2, 2020) (granting motion to remand and reasoning that "the Court could just as easily infer that the $25,001 refers to Plaintiff's total damages. This lack of clarity forecloses Defendants' argument that the $25,001 'more likely than not' satisfies the federal-jurisdictional amount."); *Steeg v. Ford Motor Co.,* No. 19-CV-05833-LHK, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020) (granting motion to remand and stating, "Plaintiffs specify a monetary amount only once, when they allege that 'Plaintiffs suffered damages . . . in an amount not less than $25,000.01.' . . . The Court finds that this allegation is ambiguous and thus insufficient to meet Defendants' burden to establish removal."); *Edwards v. Ford Motor Company*, No. CV 16-05852 BRO (PLAX), 2016 WL 6583585 at *4 (C.D. Cal., Nov. 4, 2016) (granting motion to remand where Plaintiff's complaint simply states that "'Plaintiff suffered damages in a sum to be proven at trial' of at least $25,000. Defendant's assertion that these damages refer only to actual damages is only an assumption.") (citation omitted); *Feichtmann v. FCA US LLC*, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020) ("In the absence of any contradictory allegations in the Complaint, the Court accepts Plaintiff's explanation that the $25,001.00 figure represents the combined total of actual damages and civil penalties."); *Limon-Gonzalez,* No. 2:20-CV-04381-PA-JPR, 2020 WL 3790838, at *2 (C.D. Cal. July 7, 2020) (in the context of MMWA, granting motion to remand and finding plaintiff's allegations of "damages in an amount that is not less than $25,001.00" too speculative)

1  (emphasis added). Defendant's Notice of Removal fails to distinguish these decisions from
2  the instant matter.

3   Next, Defendant asserts that a reasonable estimation of Plaintiffs' actual
4  damages is "the purchase price of $41,090.93 plus $82,181.86 as a double civil penalty
5  pursuant to the Song-Beverly Act, totals at least $123,272.79. (NOR, ¶ 25.) In other
6  words, Defendant's amount-in-controversy argument is predicated on the following set
7  of assumptions: (1) under the SBA, Plaintiff is entitled to actual damages plus civil
8  penalties of twice the amount of actual damages; (2) the Subject Vehicles purchase
9  price was purportedly $41,090.93, and thus Plaintiffs' actual damages are $41,090.93;
10 (3) two times $41,090.93 is $82,181.86; and thus, (4) Plaintiff's total damages are at
11 least $123,272.79.

12  However, Defendant's estimation of Plaintiffs' *actual* damages is completely
13 speculatory and not supported by facts or evidence. For example, Defendant provides
14 no evidentiary basis that establishes $41,090.93 as a reasonably accurate estimate of
15 Plaintiffs' *actual* damages. As Plaintiffs explain above (an explanation which has been
16 widely accepted in District Courts throughout this state), Plaintiffs' references to
17 "damages" in the body of their Complaint refers to Plaintiffs' <u>total damages</u>. Thus,
18 Defendant's assertion that $$41,090.93 is a valid and appropriate estimate of Plaintiffs'
19 *actual damages* is fatally speculative, as there is no evidence to support such an
20 assertion *Feichtmann v. FCA US LLC*, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at
21 *3 (N.D. Cal. June 18, 2020) ("In the absence of any contradictory allegations in the
22 Complaint, the Court accepts Plaintiff's explanation that the $25,001.00 figure represents
23 the combined total of actual damages and civil penalties.").

24  Nor is it sufficient to merely point to Plaintiffs' purchase agreement to establish the
25 amount of actual damages in controversy. Rather, Defendant must also provide essential
26 facts about the purchase price and use of the Subject Vehicle. *See, Savall v. FCA US LLC*,
27 No. 21CV195 JM (KSC), 2021 WL 1661051, at *2 (S.D. Cal. Apr. 28, 2021) (FCA cited
28 the retail sales installment sales contract to establish actual damages, but failed to argue

that Plaintiff made all interest payments on the vehicle, and thus actual damages were unclear); *Jackson v. Mercedes-Benz USA, LLC*, Case No. 5:20-CV-01681-DOC-KK, 2020 WL 7090839, at *2 (C.D. Cal. Dec. 2, 2020) (noting that the installment contract indicated a down payment, but faulting defendant because there were no facts indicating how many payments had been made); *Echemendia v. Subaru of Am., Inc.*, Case No. 2:20-cv-09243-MCS-JEM, 2020 WL 7311348, at *2 (C.D. Cal. Dec. 11, 2020) (faulting the defendant for citing the purchase price as the plaintiff's actual damages "without accounting for finance charges, evidence concerning when repairs were made, or anything else that could allow the Court to reliably estimate actual damages"); *Chajon v. Ford Motor Company*, No. 18-10533 RGK, 2019 WL 994019, at *1 (C.D. Cal., Jan. 8, 2019) (finding that Ford's reliance on the manufacturer's suggested retail price, without facts such as *sales price*, *financing*, *payments made*, *miles driven*, was insufficient to meet the burden of proof on the amount in controversy… "[w]ithout these facts, the Court is left with considerable doubt as to the amount in controversy."). Defendant has made no attempt to furnish any such evidence here aside from identifying the sale price of the Vehicle, which is insufficient according to the above caselaw. (NOR, 24.)

Next, Defendant ignores completely that under Civil Code section 1793.2(d), Plaintiffs' prayer for restitution is subject to a "mileage offset" that reduces the amount paid by the manufacturer by "that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." *See* Cal. Civ. Code § 1783.2(d). This statutory offset would necessarily reduce Plaintiffs' *actual* damages. *See e.g.*, *Maciel v. BMW of North America, LLC*, 2017 WL 8185859, at *2 (C.D. Cal., Aug. 7, 2017) (applying the Song-Beverly Act's mileage offset in determining that the amount in controversy was not met).

Again, Defendant's Notice of Removal fails to address or proffer *any* evidence on this mileage-offset issue. *See, Schneider v. Ford Motor Co.,* No. 5:19-cv-05545-EJD, 2020 WL 9915131, at *4 (N.D. Cal. Mar. 2, 2020) ("Plaintiff's Complaint and exhibits do not indicate what the appropriate offset should be in this case. Defendants, however

attached an exhibit that reflects that the most recent repairs to Plaintiff's vehicle occurred at 75,943 miles on October 5, 2017."); *Mullin v. FCA US, LLC,* 2020 WL 2509081, at *3 (C.D. cal. May 14, 2020) (finding that the plaintiff was "correct that the mileage offset may reduce the amount in controversy," and that where the defendants "neglected to take the mileage offset into account, they failed to meet their burden of showing Plaintiff's actual damages based on the purchase price of the vehicle."); *Quinones v. FCA US LLC,* No. 2:20-CV-06144-RGK-JPR, 2020 WL 4437482, at *1 (C.D. Cl. July 31, 2020) (finding that "[w]ithout information about Plaintiff's use of the vehicle (such as the number of miles driven), the Court is left with considerable doubt as to the amount in controversy.")

Accordingly, Defendant's estimation of "$41,090.93" for Plaintiffs' *actual* damages is fatally speculative, and not supported by facts or evidence presented in Defendant's Notice of Removal, or from the face of Plaintiffs' Complaint. Defendant also fails to account for the mileage offset. Further, since Defendant's calculations are based on its *speculatory* and conclusory estimate of Plaintiffs' actual damages, Defendant's further calculations are, likewise, fatally speculative, and fall below meeting Defendant's evidentiary standard.

### 3. Defendant Has Failed to Present Any Evidence of Civil Penalties.

The SBA merely *permits* a plaintiff to obtain a civil penalty of *up to* two times the amount of actual damages. *See* Cal. Civ. Code § 1794.9(c), emphasis added. Defendant, however, has proffered no evidence whatsoever that Plaintiffs will receive the *maximum* amount of civil penalties—or, indeed, any penalties at all—such that civil penalties plus the actual damages exceeds $75,000. Rather, Defendant merely *assumes* a civil penalty award. *See, e.g.*, *Makol v. Jaguar Land Rover North America, LLC*, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018) (finding that Jaguar did not meet its burden of proof on the amount in controversy because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant 'must provide evidence that it is 'more likely than not' that the amount in controversy' requirement

is satisfied."); *Limon-Gonzalez*, No. 2:20-CV-04381-PA-JPR, 2020 WL 3790838, at *3-4 (C.D. Cal. July 7, 2020) (same in the context of MMWA amount in controversy); *Cox v. Kia Motors America, Inc.*, 2020 WL 5814518, at *5 (N.D. Cal. Sept. 20, 2020) (same in the context of MMWA amount in controversy).

Merely assuming the existence of a civil penalty award is insufficient to meet Defendant's *evidentiary* burden. Instead, Defendant was required to offer evidence of willfulness that might support such an award. *See Savall v. FCA US LLC*, No. 21CV195 JM (KSC), 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Esparza v. FCA US LLC*, No. 2:21-cv-01856-RGK-MRW, 2021 WL 949600, at *1 (C.D. Cal. Mar. 12, 2021) (declining to include speculative civil penalties because they are to be determined by the court based on the specific facts of the case); *Quinones v. FCA US LLC,* No. 2:20-CV-06144-RGK-JPR, 2020 WL 4437482, at *2 (C.D. Cal. July 31, 2020) ("Moreover, while civil penalties are available for *willful* failure to comply with the Song-Beverly Act, Defendant has not offered any evidence of willfulness which might support such an award.") (emphasis in original). *See also, Sami Sargani Nejad v. FCA US, LLC, et al.,* No. 2:20-cv-02252-RGK (AGRx), 20 WL 2079983, at *1 (C.D. Cal. April 29, 2020) ("As to civil penalties, the Song-Beverly Act allows a plaintiff to recover up to two times the amount actual damages for a willful violation of the Act. However, as stated above, there are insufficient facts going to the amount of actual damages. Therefore, the starting point is also speculative, at best. Nor has Defendant has not offered any evidence to support such an award at all."); *Barrett v. FCA US LLC*, Case No. SA CV 21-00243-DOC-DFMx, 2021 WL 1263838, at *3 (C.D. Cal. Apr. 5, 2021) (declining to include "speculative" civil penalties in the amount in controversy); *Esparza v. FCA US LLC*, Case No. 2:21 cv-01856-RGK-MRW, 2021 WL 949600, at *1 (C.D. Cal. Mar. 12, 2021) (declining to include speculative civil penalties because they are to be determined

1  by the court based on the specific facts of the case); *Khachatryan v. BMW of North
2  America, LLC*, 2021 WL 927266, at *2 (defendant must show a two times civil penalty is
3  more likely than not to be awarded); *Estrada v. FC US LLC*, Case No. CV 20-10453 PA
4  (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (defendant must make some
5  effort to justify the assumption of civil penalties); *Echemendia*, 2020 WL 7311348, at *2
6  (faulting the defendant for failing to cite any "allegations suggesting the type of willfulness
7  required to justify civil penalties, let alone . . . . how much those penalties might be");
8  *Ronquillo v. BMW of N. Am., LLC*, Case No.: 3:20-cv-1413-W-WVG, 2020 WL
9  6741317, at *3 (S.D. Cal. Nov. 17, 2020) ("Defendant fails to identify the allegations in
10 the Complaint it believes would justify such an award; nor does Defendant submit
11 evidence regarding the size of civil penalties awarded in analogous cases."); *Millan v. FCA
12 US LLC*, Case No.: 20cv328 JM (MDD), 2020 WL 3604132, at *2 (S.D. Cal. July 2,
13 2020) ("FCA provides no proof regarding the likelihood of a civil penalty being awarded
14 in this case, or that the full civil penalty would be applied. Accordingly, FCA has failed to
15 meet its burden of showing that the full civil penalty available under the Song-Beverly Act
16 should be included in the amount in controversy.").[4]

17     Defendant's civil penalty estimate is problematic for another reason as well: "If the
18 amount of actual damages is speculative, … an attempt to determine the civil penalty is
19 equally uncertain." *Chavez v. FCA UC, LLC,* No. 2:19-cv-06003-ODW-GJSX, 2020
20 WL 468909, at *2 (C.D. Cal. Jan 27, 2020) *(*citing *Edwards v. Ford Motor Co.,* No. CV
21 16-05852-BRO-PLAX, 2016 WL 6583585, at *4).

22     As noted above, Defendant's estimate of actual damages is fatally speculative. In
23 lieu of providing any evidence, facts, or analysis, Defendant instead simply posits,
24 without more, that the amount in controversy exceeds $75,000 because Plaintiffs'
25 actual damages are at least "$41,090.93." (NOR, ¶ 25; remember that Defendant fails

---

[4] Indeed, Defendant explicitly "disputes that it is liable for any damages whatsoever to Plaintiffs." (NOR, ¶ 18.) This supports Plaintiffs' position that Defendant's Notice of Removal has not established the jurisdictional threshold has *more likely than not* been established.

to account for the statutory mileage offset.) However, as discussed above, Defendant's Notice of Removal fails to include certain essential facts regarding Plaintiffs' *actual* damages, *i.e.*, how many miles driven, how many payments have been made, financing, etc. As such, Defendant's argument relies purely on speculation, making its estimate of Plaintiffs' *actual* damages fatally speculative. *See, Jackson v. Mercedes-Benz USA, LLC*, Case No. 5:20-CV-01681-DOC-KK, 2020 WL 7090839, at *2 (C.D. Cal. Dec. 2, 2020); *Echemendia v. Subaru of Am., Inc.*, Case No. 2:20-cv-09243-MCS-JEM, 2020 WL 7311348, at *2 (C.D. Cal. Dec. 11, 2020); *Chajon v. Ford Motor Company*, No. 18-10533 RGK, 2019 WL 994019, at *1 (C.D. Cal., Jan. 8, 2019).

Consequently, it is impossible to determine from the face of Plaintiffs' Complaint the amount of potential civil penalties, and Defendant's speculatory and conclusory statements lack supporting evidence and facts. Accordingly, the Court is unable to determine what civil penalties *might* be imposed. Put differently, Defendant has failed to satisfy the burden of proof necessary to include civil penalties in the amount in controversy, and thus they should be excluded from the amount-in-controversy calculation as speculatory, failing to meet Defendant's burden on removal.

### 4. Defendant Has Proffered No Evidence of Punitive Damages

Similar to Defendant's argument regarding civil penalties, Defendant further fails to provide evidence regarding punitive damages, such that they should be included in the amount in controversy calculation. (NOR, ¶ 22.) Civil Code section 3294, subdivision (a), authorizes punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

Again, Defendant's Notice of Removal fails to meet its evidentiary burden regarding punitive damages, as Defendant offers *no evidence* regarding "oppression, fraud, or malice" that might support such an award of punitive damages. And further, "If the amount of actual damages is speculative, … an attempt to determine the civil penalty is equally uncertain." *Chavez v. FCA UC, LLC,* No. 2:19-cv-06003-ODW-GJSX, 2020 WL 468909, at *2 (C.D. Cal. Jan 27, 2020) *(citing Edwards v. Ford Motor Co.,* No. CV

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
12

16-05852-BRO-PLAX, 2016 WL 6583585, at *4). Since punitive damages are a multiplier of Plaintiffs' actual damages, Defendant's speculative estimate of actual damages makes its attempt to determine punitive damages *equally uncertain*.

Thus, Defendant fails to meet its evidentiary burden regarding punitive damages.

### 5.  Defendant Has Proffered No Evidence of Attorneys' Fees

Finally, Defendant suggests that attorneys' fees should be included in the amount in controversy calculation, and that recovery of attorney's fees "commonly exceed $100,000." (NOR, ¶ 23.) But, consistent with the rest of its Notice of Removal, Defendant proffers **no proof** regarding attorneys' fees for this matter. Nor does Defendant even provide an estimate of attorneys' fee in *this* matter. Instead, FCA offers its Counsel's declaration in support of said assertion, "In my experience litigating such cases, it is not uncommon, and in fact quite regular, for attorney's fee and cost awards (or resolutions through informal discussions with opposing counsel) to exceed $100,000." (Dkt. No. 1, Ex. C, Shepardson Dec., ¶ 5).

Defendant's counsel's declaration is merely self-serving and conclusory declaration, and fails to compare *this* case to any of the potentially relevant cases in its declaration, nor how any of the cases in his declaration reflect a reasonable and accurate estimate of the attorneys' fees in *this* matter. (*See* Dkt. No. 1, Shepardson Dec., ¶ 5.) Defendant's counsel's manifestly self-serving, subjective, and *conclusory* beliefs about the purported amount of attorney's fees in controversy are plainly insufficient to meet FCA's heavy burden of proof on removal and, at best, are *purely speculative*. In truth, courts have found vehicle manufacturer's counsel's litigation experience to be irrelevant to establishing jurisdiction. *See, Shelton v. Ford Motor Company*, 2019 WL 126851, at *2 (C.D. Cal. Jan. 7, 2019).

Such unsupported, generic statements, however, do not constitute evidence of the amount of attorneys' fees. *See, Savall*, *supra*, 2021 WL 1661051, at *3 ("Here, FCA provides no estimate as to Plaintiff's attorneys' fees that have accrued or will accrue. Without making some effort to set forth the value of attorneys' fees plaintiff is expected

to incur, or that plaintiff has incurred, FCA has failed to meet its burden of showing that the amount of attorneys' fees at issue satisfies the amount in controversy. Accordingly, there is doubt as to the amount of possible attorneys' fees that could be included in the amount in controversy."); *Mahlmeister*, *supra*, 2021 WL 1662578, at *3 ("The Court finds that Defendant fails to demonstrate by a preponderance of the evidence that the attorney's fees in this case will be at least $25,000. Indeed, Defendant submits a declaration that states conclusorily that damages are likely more than $35,000 and potentially even more than $100,000. At no point does Defendant explain how this amount is determined, what factors about this specific case make these calculations more likely than not, or how other similar cases have resulted in fees that satisfy the amount in controversy."); *Steeg*, 2020 WL 2121508, at *5, (rejecting counsel's declaration that "it is not uncommon, and [is] in fact quite regular, for attorneys' fees and costs awards … to exceed $50,000.").

As discussed above, Defendant makes no attempt to analogize the facts or circumstances of *this* case to other potentially relevant cases. *See, e.g.*, *Serran v. Pac. Coast Feather Cushion Co.*, 2017 WL 3720630, at *3 (C.D. Cal. Aug. 28, 2017) ("Defendants attempt to satisfy their burden by citing cases that supposedly had 'allegations similar to this one' . . . [but] Defendants do not compare the allegations and circumstances of those cases with those of the instant matter. Thus, Defendants' citation to these cases does not satisfy their burden of showing the amount in controversy through evidence and argument.") (citation omitted); *Schneider*, 2020 WL 991531, at *4 (N.D. Cal. Mar. 2, 2020) ("Defendants point to the $300,000 fee recently claimed by Plaintiff's counsel in another Ford Motor case. Yet, Defendants fail to explain how that case accords with this case. All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases."); *Barrett*, 2021 WL 1263838, at *3 (declining to award "speculative" attorneys' fees); *Esparza*, 2021 WL 949600, at *1 (noting that some courts have found that attorneys' fees are in the control of

the client and counsel and may be avoided or accrue over years depending on legal strategy); *Khachatryan*, 2021 WL 927266, at *2 (faulting defendant for failing to cite any examples of the attorneys' fees that plaintiffs sought in other analogous cases); *Estrada*, 2021 WL 223249, at *3 (faulting defendant for making no effort to explain the amount of attorneys' fees might be sought or awarded).

Without making some effort to set forth the value of attorneys' fees Plaintiffs are expected to incur, or that Plaintiffs have incurred, FCA has failed to meet its burden of showing that the amount of attorneys' fees at issue satisfies the amount in controversy. *See, Castillo v. FCA USA, LLC,* Case No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *Herko*, 2019 WL 5587140, at *2; *see also, Stelzer v. CarMax Auto Superstores California, LLC*, No. 13-CV-1788-LAB-JMA, 2013 WL 6795615, at *6 (S.D. Cal. Dec. 20, 2013) (stating that the court was inclined to find that attorneys' fees incurred after the date of removal should not be included in the amount in controversy); *Wastier v. Schwan's Consumer Brands*, No. 07CV1594, 2007 WL 4277552, at *3 (S.D. Cal. Dec. 5, 2007) (finding that attorneys' fees "for activities anticipated but not yet performed, even if accurate," may be "irrelevant" to the amount in controversy, and in any event, should not be included because the estimate was "speculative, lacked evidentiary support, and was conclusory at best").

## IV.  CONCLUSION

Because federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance (*Gaus*, 980 F.2d at 566), Plaintiffs respectfully request the Court remand this action back to the Contra Costa County Superior Court.

Dated: July 16, 2021                    STRATEGIC LEGAL PRACTICES, APC

                                         BY:  _____
                                              TIONNA DOLIN
                                              DANIEL LAW
                                              Attorney for Plaintiffs RICHARD
                                              FLIER and PATRICIA FLIER

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
15

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California; my business address is Strategic Legal Practices, A Professional Corporation at 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On the date below, I served a copy of the foregoing document entitled:

**PLAINTIFFS' MOTION TO REMAND MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Los Angeles, California on July 16, 2021.

_____
Daniel Law