IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FLIER, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>FCA US LLC,<br><br>  Defendant. | Case No. 21-cv-02553-CRB<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiffs Richard and Patricia Flier ("Plaintiffs") purchased a 2017 Chrysler Pacifica from Defendant FCA US, LLC ("FCA"), which they allege manifested defects with its 9HP transmission and Power Control Module ("PCM") that include "stalling, loss of crankshift position synchronization, shifting problems, acceleration problems, and/or loss of power." Compl. (dkt. 1-5, Ex. A)[1] ¶ 14. This is one of a slew of cases brought in California by the same plaintiffs' attorneys over FCA's 2017 Chrysler Pacifica.[2] That vehicle was recalled several times in 2018 because of issues related to the PCM and manual park release. Id. ¶¶ 11, 25; Mot. (dkt. 47) at 14–15.

Plaintiffs assert breaches of implied and express warranties under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), violations of the California Consumer Legal Remedies Act ("CLRA"), and fraud by omission. See generally Compl. FCA removed the

---

[1] The complaint is Exhibit A to the Notice of Removal. See Notice of Removal ("NOR") (dkt. 1) ¶ 2.
[2] See, e.g., Scherer v. FCA US, LLC, No. 20-cv-02009-AJB-BLM, 2022 WL 11381676 (S.D. Cal. Oct. 19, 2022); Driz v. FCA US, LLC, No. 22-cv-01605-BLF, 2022 WL 4348470 (N.D. Cal. Sept. 19, 2022); Cox v. FCA US LLC, No. 20-cv-3098-DMG (Ex), 2020 WL 2857489 (C.D. Cal. June 2, 2020); Mullin v. FCA US, LLC, No. 20-cv-2061-RSWL-PJW, 2020 WL 2509081 (C.D. Cal. May 14, 2020).

case to this Court, asserting diversity jurisdiction. NOR ¶¶ 35, 37. Plaintiffs moved to remand over the amount in controversy, which the Court denied. Mot. to Remand (dkt. 13); Order on Mot. to Remand (dkt. 21). FCA now moves for judgment on the pleadings on Plaintiffs' CLRA, fraud by omission, and punitive damages claims.[3] See generally Mot. FCA argues that Plaintiffs have failed to plead their fraud and CLRA claims with sufficient specificity under Rule 9(b) of the Federal Rules of Civil Procedure, and that the economic loss rule bars Plaintiffs' fraud by omission claim.

The Court DENIES the motion, but without prejudice as to the fraud by omission claim. The Ninth Circuit has certified to the California Supreme Court the question of whether the economic loss rule applies to fraudulent omission claims. While this Court holds that the economic loss rule does not foreclose Plaintiffs' fraud by omission claim, if the California Supreme Court decides differently, the Court will permit FCA to renew its motion as to the fraud claim.

I. BACKGROUND

A. Factual Background

On or about October 2016, Plaintiffs purchased a new 2017 Chrysler Pacifica vehicle (the "Vehicle"), manufactured by FCA, relying on their interactions with sales representatives and FCA's marketing materials. Compl. ¶¶ 9, 19.

Within a year of their purchase, Plaintiffs' Vehicle manifested various operational problems: illumination of the dash and check engine lights, a lack of shift control, the transmission and acceleration "kicking," gears skipping, problems with the PCM and Transmission Control Module, "evap" leaking, failure of the purge valve, sudden losses of power, squeaking noises, stalling, jolting, hiccupping, and "other defects enumerated in the Vehicle's repair history." Id. ¶¶ 11, 49. Plaintiffs took the Vehicle to FCA's California representative for repairs in accordance with FCA's warranty, but these visits failed to remediate the problems. Id. ¶ 43. Plaintiffs allege that some or all of the issues are caused by the Vehicle's defective 9HP transmission and PCM,

---

[3] The first five claims of the complaint asserting various violations of the Song-Beverly Act are not subject to FCA's motion. See Mot.; Compl. ¶¶ 27–50.

1  which allegedly may cause a loss of power while driving at highway speeds, stalling, and a loss of

2  control while merging lanes. Id. ¶¶ 14–15, 22. Plaintiffs therefore assert that the PCM Defect is a

3  serious safety concern. Id. ¶ 15.

4        In 2018, FCA issued three recalls: one for the manual park release, and two to reprogram

5  the PCM. Id. ¶ 11; see also Safety Recall U50, NHTSA 17V-395, Manual Park Release (June

6  2018), available at https://static.nhtsa.gov/odi/rcl/2018/RCRIT-18V395-2580.pdf; Safety Recall

7  U64, NHTSA 18V-332, Reprogram Powertrain Control Module (June 2018), available at

8  https://static.nhtsa.gov/odi/rcl/2018/RCRIT-18V332-9115.pdf; Safety Recall U01, NHTSA 18V-

9  049,[4] Reprogram Powertrain Control Module (revised Mar. 2018), available at https://static.nhtsa

10  .gov/odi/rcl/2018/RCRIT-18V049-9906.pdf.[5] Plaintiffs then brought this action in state court,

11  alleging that FCA failed to conform the Vehicle to its express and implied warranties after a

12  reasonable number of repair attempts, in violation of the Song-Beverly Act. Compl. ¶¶ 28, 35, 43,

13  47. Plaintiffs further allege that FCA knew that the Vehicle was defective prior to the sale, yet

14  actively concealed this from Plaintiffs. Id. ¶¶ 52–55, 63–69. Plaintiffs allege that FCA had

15  superior knowledge of the PCM Defect "at the time of sale [to Plaintiffs] and thereafter" through

16  various informational avenues: pre- and post-production testing data, early consumer complaints

---

[4] The complaint references Safety Recall 18V-048, a recall that FCA points out is "[un]related to the Subject Vehicle." Compl. ¶¶ 25–26; Mot. 14–15, 15 n.3. This appears to be a clerical error, as Safety Recall 18V-048 relates to an entirely different FCA make and model. See Mot. 15 n.3. It appears that Plaintiffs attempt to reference Safety Recall 18V-049, which involved the "repackaged version of . . . the [2017 Chrysler Pacifica] T23 software update" that they reference. See Compl. ¶¶ 25–26; Mot. at 15 & n.3. Generously construing the complaint, the Court reads the reference to Safety Recall 18V-48 to refer to Safety Recall 18V-049. Brach v. Newsom, 6 F.4th 904, 925 (9th Cir. 2021) ("[T]he allegations of a complaint must be generously construed in the light most favorable to the plaintiff.").

[5] Rule 12(d) requires a court examining a motion under Rule 12(c) either to exclude matters outside the pleadings, or to treat the motion as one for summary judgment. Fed. R. Civ. P. 12(c)–(d). However, "[a] court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the [Rule 12(c) motion] into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents are subject to incorporation by reference if they form the basis of the complaint. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). The complaint explicitly references and relies upon "Recalls T23, U64 and/or U50" as the basis of Plaintiffs' claims. Compl. ¶¶ 11, 25–26. Because the recalls form the basis of the complaint, they are subject to incorporation by reference, and the Court may consider them without converting this motion into one for summary judgment. See Ritchie, 342 F.3d at 908.

1  about the PCM Defect, testing performed in response to these complaints, warranty repair and part
2  replacement data, and FCA's recalls.  Id. ¶¶ 11, 17–18, 21, 24–25.

### B. Procedural Background

FCA removed the case to federal court based on diversity jurisdiction, asserting complete diversity of citizenship and an amount in controversy of at least $123,272.79.  NOR ¶¶ 25, 33–35.  On October 4, 2021, the Court denied Plaintiffs' motion to remand.  Order on Mot. to Remand.  On September 27, 2022, FCA moved for judgment on the pleadings on Plaintiffs' fraud by omission, CLRA, and punitive damages claims.  Mot.  Plaintiffs opposed the motion on October 11, 2022, and Defendants replied on October 18, 2022.  Opp'n (dkt. 49); Reply (dkt. 52).  The Court finds this matter suitable for resolution without oral argument.  See Civil Local Rule 7-1(b).

## II. LEGAL STANDARD

### A. Rule 12(c)

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "[S]ubstantially identical" analyses apply to motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss.  Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012).  Thus, to survive a Rule 12(c) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  Conclusory statements and "formulaic recitation[s] of the elements of a cause of action" are not enough.  Twombly, 550 U.S. at 555.

### B. Rule 9(b)

Under Rule 9(b), fraud claims must satisfy a heightened pleading standard.  Fed. R. Civ. P. 9(b).  The party alleging fraud "must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Id.  Rule 9(b) demands that supporting allegations "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  Bly-Magee v. California, 236 F.3d 1014,

4

1    1019 (9th Cir. 2001) (citing Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)).  Thus,

2    "averment of fraud must be accompanied by the 'who, what, when, where, and how' of the

3    misconduct charged."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)

4    (citing Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

### III.   DISCUSSION

FCA moves for judgment on the pleadings as to Plaintiffs' fraud by omission, CLRA, and punitive damages claims.  As explained below, the Court concludes that Plaintiffs have pleaded their fraud by omission and CLRA claims with sufficient particularity under Rule 9(b).  Therefore, Plaintiffs' CLRA and punitive damages claims survive, and the fraud by omission claim turns on the applicability of the economic loss rule.  Because recent authority persuades the Court that the rule does not apply to fraudulent omission claims, the Court finds that Plaintiffs have sufficiently pleaded all elements of their fraud by omission claim.  Accordingly, the Court DENIES FCA's motion for judgment on the pleadings, but without prejudice as to Plaintiffs' fraud by omission claim.  FCA may raise the issue again if the California Supreme Court reaches a different conclusion on the economic loss rule.

#### A.   Fraud by Omission

As an initial matter, the parties dispute the applicable pleading standard.  FCA argues that Plaintiffs must plead their fraud by omission and CLRA claims with particularity under Rule 9(b).  See Mot. 5–10; Reply at 2–3.  Plaintiffs maintain that omission-based claims "can succeed without the same level of specificity required by a normal fraud claim."  Opp'n at 13 (citing Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007) (quoting Falk v. Gen. Motors Corp., 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007))).  Plaintiffs are incorrect.

In the Ninth Circuit, fraudulent omission claims, like any other fraud claim, must be pleaded with particularity under Rule 9(b).  Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009) (quoting Vess, 317 F.3d at 1103–04) ("[I]f 'the claim is said to be "grounded in fraud" . . . the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).'").  The cases that Plaintiffs cite are distinguishable, and hold that the particularity standard is lowered only as to pleading "the time, place, and specific content of [the fraudulent] omission."

5

See Falk, 496 F. Supp. 2d at 1098–99; In re Apple & AT & TM Antitrust Litig., 596 F. Supp. 2d 1288, 1310 (N.D. Cal. 2008); see Opp'n at 13. In all other respects, Rule 9(b) is the governing pleading standard for Plaintiffs' fraudulent omission claim. See Kearns, 567 F.3d at 1127.

Alternatively, Plaintiffs argue that they have satisfied Rule 9(b). Opp'n at 13 (citing Cooper, 137 F.3d at 627). FCA disagrees. Mot. at 5–10; Reply at 3–4. The elements of fraudulent inducement by concealment are (1) concealment of a material fact, (2) a duty to disclose, (3) intent to defraud, (4) reliance, and (5) damages. Jones v. ConocoPhillips Co., 198 Cal. App. 4th 1187, 1198 (Cal. Ct. App. 2011). FCA argues that Plaintiffs have failed to plead the first three elements—concealment of a material fact, a duty to disclose, and intent to defraud— with particularity. Mot. at 6–10. FCA also argues that the economic loss rule bars pleading the last element, damages. Id. at 11–15.

### 1. Pleading Under Rule 9(b)

#### a. Concealment of a Material Fact

FCA argues that the complaint fails to specify any defect, and merely lists symptoms. Id. at 12; see Compl. ¶¶ 14–15. FCA argues that such allegations lack particularity under Rule 9(b). Mot. at 12. Plaintiffs respond that the PCM Defect is an unreasonable safety risk and therefore a material omission, but otherwise fail to respond to FCA's argument regarding the insufficiency of pleading the PCM Defect under Rule 9(b). Opp'n at 9–10; see also Mot. at 13–14. Plaintiffs have nonetheless adequately pleaded the PCM Defect.

Some courts within this District have followed the approach of In re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation, which held that a "mere[] descri[ption of] performance problems with the vehicle" failed to plead an alleged defect with specificity. 483 F. Supp. 3d 838, 847 (C.D. Cal. 2020) (holding that plaintiffs failed to plead the alleged defect where the complaint provided that the vehicle transmission "consistently slips, bucks, kicks, jerks, harshly engages, has premature internal wear, sudden acceleration, delay in downshifts, delayed acceleration, difficulty stopping the vehicle, and, eventually, permanent transmission failure"); Mot. at 12; see also, e.g., Farrales v. Ford Motor Co., No. 21-cv-07624-HSG, 2022 WL 1239347, at *6 (N.D. Cal. Apr. 27, 2022) (citing In re Ford, 483 F. Supp. 3d at 847) (granting a motion for

6

judgment on the pleadings where plaintiff "merely describe[d] performance problems," "d[id] not identify the affected components," and did not "explain why it would be reasonable to assume that the[] symptoms [we]re all caused by the same defect"). But others have held that identifying the defective part, its resulting symptoms, and that the plaintiffs sought repairs from the defendant multiple times pleads the existence of a defect with requisite specificity under Rule 9(b). See, e.g., Edwards v. FCA US LLC, No. 22-cv-01871-WHO, 2022 WL 1814144, at *3–5 (N.D. Cal. June 2, 2022) (holding that analogous facts adequately pleaded active concealment of a defect under Rule 9(b)); White v. FCA US LLC, No. 22-cv-00954-BLF, 2022 WL 3370791, at *1, *6 (N.D. Cal. Aug. 16, 2022) (holding that plaintiffs adequately pleaded the defect where they alleged that they "returned the Vehicle to [FCA's] authorized repair facilities" multiple times); see also Scherer v. FCA US, LLC, 565 F. Supp. 3d 1184, 1190 (S.D. Cal. 2021) ("[I]dentifying the transmission and PCM as defects and describing the performance problems . . . provide[d] enough particularity to detail . . . the alleged defects.").

Here, the complaint identifies the specific parts causing operational issues—the 9HP transmission and PCM—their symptoms, and alleges that Plaintiffs sought repairs from FCA on more than one occasion. Compl. ¶ 43. Moreover, by pleading FCA's recalls over the 2017 Chrysler Pacifica's PCM, the complaint goes beyond merely describing the symptoms of an existing defect. Id. ¶¶ 25–26. The Court finds these allegations sufficient, even under Rule 9(b)'s heightened pleading standard. See Edwards, 2022 WL 1814144, at *3–5. At the pleading stage, Plaintiffs need only allege, not prove, the existence of the PCM Defect. Scherer, 565 F. Supp. 3d at 1190 ("[F]acts alleg[ing] . . . enough particularity to allow the Defendant to defend [a product] . . . [it] has internal knowledge about" "aligns with Rule 9(b)'s purpose."). Requiring anything more from Plaintiffs would be impracticable without discovery. Therefore, Plaintiffs have adequately pleaded this element of their fraudulent omission claim.

### b. Duty to Disclose

As Plaintiffs argue, a duty to disclose arises under California law when the defendant either "has exclusive knowledge of facts not known to the plaintiff," or "actively conceals a material fact from the plaintiff." Falk, 496 F. Supp. 2d at 1095 (quoting LiMandri v. Judkins, 52

7

Cal. App. 4th 326, 337 (Cal. Ct. App. 1997)); Opp'n at 10–13. Plaintiffs need not plead exclusive knowledge; it is generally sufficient to plead that defendants have superior knowledge, and that the information was not "reasonably discoverable by the plaintiffs." Anderson v. Apple Inc., 500 F. Supp. 3d 993, 1014–15 (N.D. Cal. 2020).

FCA argues that the complaint fails to plead either alternative with sufficient specificity. Mot. at 8–10. As to exclusive knowledge, FCA argues that the complaint pleads no facts indicating that FCA had any knowledge, let alone exclusive knowledge, of the PCM Defect prior to selling the Vehicle to Plaintiffs on or around October 1, 2016. Id. at 13–15. Particularly, FCA argues that consumers' post-sale complaints and 2018 recalls fail to plead FCA's pre-sale knowledge of the PCM Defect between January 2016, when FCA debuted the 2017 Chrysler Pacifica, and October 1, 2016, the date of sale to Plaintiffs. Id. at 14–15. Plaintiffs' opposition focuses on the complaint having set forth "extensive allegations concerning [FCA's] sources of superior knowledge" of the defect. Opp'n at 11; see also Compl. ¶¶ 20, 26, 54.

FCA's arguments are unavailing. First, the complaint does allege FCA's pre-sale knowledge: it alleges that FCA had aggregate pre-market, and pre- and post-production data on the PCM Defect. Compl. ¶¶ 17, 21. Moreover, FCA's argument that "[a]ny alleged customer complaints in 2017 and 2018 are irrelevant to Plaintiffs' claims" mischaracterizes the complaint. Mot. at 14. The complaint alleges that early consumer complaints about the 2017 and 2018 Chrysler Pacifica models, which FCA routinely reviews, indicate that FCA had knowledge about the PCM Defect. Compl. ¶ 21. Finally, early consumer complaints, testing conducted in response to the complaints, and warranty repair and part replacements after sale of the Vehicle to Plaintiffs still raise an inference of superior knowledge pre-sale. See, e.g., Edwards, 2022 WL 1814144, at *4 (finding that a nearly identical complaint from the same plaintiffs' attorney regarding FCA's 2017 Chrysler Pacifica pleaded exclusive knowledge of the PCM Defect under Rule 9(b)); In re MyFord Touch Consumer Litig., 46 F. Supp. 3d 936, 958 (N.D. Cal. 2014) (finding that early complaints, servicing requests, and a technical service bulletin issued a few months after distribution of an allegedly defective product raised a reasonable inference of defendant's knowledge); Sloan v. Gen. Motors LLC, 287 F. Supp. 3d 840, 865 (N.D. Cal. 2018) (similar); see

8

also Compl. ¶¶ 17, 21, 25.  Again, Plaintiffs need only plead, not prove, the elements of their fraud claim.

Because Plaintiffs have adequately pleaded that FCA had exclusive knowledge of the defect, they have sufficiently pleaded that FCA had a duty to disclose the PCM Defect.

### c.     Intent to Defraud

FCA argues that the complaint merely pleads conclusory allegations of intent without alleging any supporting facts.  Mot. at 15–16.  Plaintiffs respond that the complaint alleges facts raising the inference that FCA intentionally failed to disclose the PCM Defect in order to induce their reliance in purchasing the Vehicle.  Opp'n at 15.

Under California law, a plaintiff may demonstrate a defendant's intent to defraud by showing that the defendant induced the plaintiff's reliance.  See Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (Cal. 2004).  The complaint pleads FCA's inducement of Plaintiffs' reliance with sufficient particularity.  The complaint alleges that FCA concealed a material defect, that it had pre-sale knowledge of the PCM Defect, and that Plaintiffs relied on FCA's advertisements and interactions with sales representatives in purchasing the Vehicle.  See Compl. ¶¶ 14, 16–19; see also Falk, 496 F. Supp. 2d at 1099 ("Plaintiffs show knowledge of falsity and intent to defraud by pleading facts that demonstrate that [the defendant] knew about the alleged defects, yet did nothing to fix them or to alert customers.").  Additionally, Plaintiffs point out that FCA has failed to respond to their arguments on reliance.  Opp'n at 14–15; see also Mot.

Therefore, Plaintiffs have adequately pleaded all of the elements of their fraud by omission claim.

### 2.     Economic Loss Rule

Finally, FCA argues that the complaint fails to plead the damages element of fraud by omission, because Plaintiffs have alleged no "appreciable, non-speculative, present personal injury or property damage independent of [their] alleged economic loss."  Mot. at 9.  Plaintiffs argue that that principle, known in California as the "economic loss rule," does not apply to fraudulent omission claims, citing the California Supreme Court's decision in Robinson Helicopter, 34 Cal. 4th 979.  Opp'n at 15.

In Robinson Helicopter, the California Supreme Court explained that the economic loss rule prevents recovery of damages for the "value, costs of repair and replacement of the defective product . . . without any claim of personal injury or damages to other property." 34 Cal. 4th at 988 (quoting Jimenez v. Superior Court, 29 Cal. 4th 473, 482 (Cal. 2002)). However, the court noted that "a party's contractual obligation may create a legal duty[,] and that a breach of that duty may support" tort damages. Id. at 989 (citing Erlich v. Menezes, 21 Cal. 4th 543, 551 (Cal. 1999)). Therefore, "[t]ort damages have been permitted in contract cases where . . . the contract was fraudulently induced." Id. at 989–90 (quoting Erlich, 21 Cal. 4th at 551–52). Focusing "solely on the fraud[ulent] . . . misrepresentation claim" at hand, the court then held that the economic loss rule did not bar the claim, reasoning that it was tortious conduct independent of the defendant's breach of the contract. Id. 990–91. The court declined to "address the issue of whether . . . intentional concealment constitutes an independent tort," and stressed that its "narrow" holding was "limited to . . . affirmative representations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss." Id. at 991, 993.

In light of Robinson Helicopter's "narrow" holding, the Ninth Circuit in 2021 recognized that there is "no controlling precedent in the California Supreme Court's decisions" on whether the economic loss rule bars fraudulent omission claims, and certified the question to the California Supreme Court. Rattagan v. Uber Techs., Inc., 19 F.4th 1188, 1189, 1193 (9th Cir. 2021), granting the request for certification, Rattagan v. Uber Techs., Inc., S272113 (Cal. 2022).[6] Recently, a California Court of Appeal held that the economic loss rule does not bar fraudulent omission claims, noting that California federal district courts have split on the question. See Dhital v. Nissan N. Am., Inc., A162817, 2022 WL 14772909, at *8–9 (Cal. Ct. App. Oct. 26, 2022). The court reasoned that the overall gist of the plaintiffs' fraudulent inducement claim

---

[6] Neither party has moved to stay this case in light of the pending California Supreme Court decision. Other courts in this District have recently gone ahead and decided the issue, even though the question has been certified. See Edwards, 2022 WL 1814144, at *7 (holding that the economic loss rule does not bar fraudulent omission claims and denying FCA's motion to dismiss); White, 2022 WL 3370791, at *5 (holding similarly in an analogous case bringing warranty and fraud claims over a different FCA car model).

alleged "presale conduct by Nissan (concealment) that [wa]s distinct from Nissan's alleged subsequent conduct in breaching its warranty obligations." Id. at *8. Therefore, under Robinson Helicopter—which, the Court of Appeal noted, did not explicitly limit its holding to fraudulent affirmative misrepresentations—the economic loss rule did not bar the plaintiffs' claim at the pleading stage. Id. at *9.

The Court finds this reasoning persuasive. As another court in this District has observed, "a fraudulent omission leading to adopting a contract is just as [intentional and] 'above and beyond' the breach of contract as a fraudulent affirmative misrepresentation." Edwards, 2022 WL 1814144, at *7. Accordingly, the Court DENIES FCA's motion for judgment on the pleadings as to Plaintiffs' fraud by omission claim, but without prejudice. If the California Supreme Court reaches a different conclusion on the applicability of the economic loss rule, FCA may bring another motion as to Plaintiffs' fraud by omission claim.

### B.     CLRA & Punitive Damages

The parties agree that Plaintiffs' CLRA claim tracks their fraudulent omission claim. See Mot. at 11; Opp'n at 19–20. The parties disagree, however, on whether the CLRA claim is subject to Rule 9(b), or a relaxed pleading standard. See Mot. at 10; Opp'n at 20.

Again, Plaintiffs unpersuasively challenge Rule 9(b) as the pleading standard for their CLRA claim. See Opp'n at 20. FCA correctly points out that the Ninth Circuit has held that when plaintiffs rely on a "course of fraudulent conduct . . . as a basis of [their CLRA] claim[]," they must "satisfy the requirements of Rule 9(b)." Kearns, 567 F.3d at 1125. Therefore, Plaintiffs must plead their CLRA claim with particularity.

Plaintiffs next argue that they have done so. Opp'n at 19–20. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of goods or services to any consumer." Kearns, 567 F.3d at 1125 (quoting Cal. Civ. Code § 1770). Conduct "likely to mislead a reasonable consumer violates the CLRA." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012) (internal citation and quotation marks omitted). Under California law, such conduct includes fraudulent omissions that the defendant is under a duty to disclose. Daugherty v.

11

Am. Honda Motor Co., 144 Cal. App. 4th 824, 835 (Cal. Ct. App. 2006).  Because Plaintiffs adequately pleaded that FCA had a duty to disclose the PCM Defect but failed to do so, thereby inducing their reliance, they have adequately pleaded their CLRA claim.  See Falk, 496 F. Supp. 2d at 1097 (denying defendant's motion to dismiss plaintiffs' CLRA claim where they adequately pled defendant's duty to disclose the defect).  And because Plaintiffs' CLRA claim survives, so does their claim for punitive damages.  See Cal. Civ. Code § 1780(a)(4) ("Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action . . . to recover . . . [p]unitive damages.").

Therefore, the Court DENIES the motion as to Plaintiffs' CLRA and punitive damages claims.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Judgment on the Pleadings, without prejudice.  FCA may renew the motion, as to Plaintiffs' fraud by omission claim only, if the California Supreme Court reaches a different conclusion on the applicability of the economic loss rule.

**IT IS SO ORDERED.**

Dated: November  8 , 2022

CHARLES R. BREYER
United States District Judge